# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION PERALTA DURAN<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, *et al.*,<br><br>Defendants. | Case No. 5:23-cv-00106-AB (AFM)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME BARRED** |

On January 20, 2023, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff presently is a state prisoner incarcerated at Chuckawalla Valley State Prison in Blythe, California. Plaintiff was granted leave to proceed without prepayment of the filing fees. (ECF Nos. 2, 4-5.) Plaintiff signed and dated his Complaint on January 9, 2023.[1] (ECF No. 1 at 6.) Plaintiff names as defendants in this action the County of Riverside ("County"), the Riverside County Sheriff's Department ("RCSD"), and two deputies with the RCSD who are alleged to have been employed at the Cois Byrd Detention Center ("CBDC")

---

[1] Plaintiff stated within the body of the Complaint that it was "submitted" on January 20, 2023, the same date on which it was filed with the court. (ECF No. 1 at 30.) Further, also on January 20, 2023, plaintiff signed a "Verification" that is attached to the pleading. (*Id.* at 31.)

in the County. (*Id.* at 3-4.) The incidents giving rise to this action occurred while plaintiff was being held as a pretrial detainee at the CBDC and at an outside hospital in Moreno Valley, California. (*Id.* at 2, 7.) Plaintiff is seeking monetary damages and attorneys' fees. (*Id.* at 30.)

The face of plaintiff's Complaint clearly indicates that the incidents giving rise to the claims that plaintiff is raising took place between January 15, 2018, and September 7, 2018. (ECF No. 1 at 3, 7.) Within the factual allegations of the pleading, plaintiff references multiple dates between January and September 2018, but the latest date that he cites in connection with any of his factual allegations is September 17, 2018. (*Id.* at 7-8, 15, 17-18.) Plaintiff's claims all arise from allegedly unconstitutional medical care that he received while a pretrial detainee at the CBDC and the allegedly unconstitutional restraints that were used on him while he was receiving medical treatment at the outside hospital. (*Id.* at 7-21.) In addition, the attachments to plaintiff's Complaint reference only events that took place between August 16, 2018, and September 7, 2018. (*Id.* at 32-33, 39-40.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which

relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). Moreover, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Federal civil rights claims brought pursuant to § 1983 are subject to the forum state's statute of limitations applicable to personal injury claims. *See, e.g., Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Federal civil rights claims arising in California are subject to the two-year limitations period set forth in Cal. Civ. Proc. Code § 335.1. *See, e.g., Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Federal law, however, determines when a civil rights claim accrues. *See McDonough v. Smith*, 139 S. Ct. 2149, 2155, 204 L. Ed. 2d 507 (2019) ("the time at which a § 1983 claim accrues is a question of federal law" (internal quotation marks omitted)). A cause of action typically accrues under federal law as soon as a potential "plaintiff knows or has reason to know of the injury which is the basis of the action." *See Bird*, 935 F.3d at 743. In addition, a federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Under California law, the continuous incarceration of a plaintiff is a disability that tolls the statute of limitations for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1 (expressly limiting tolling arising from incarceration to a period not to exceed two years); *see, e.g., Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (California provides for statutory tolling for a period of up to two years based on the disability of imprisonment).

In this case, plaintiff's federal civil rights claims arise from allegedly inadequate medical care he received at the CBDC and allegedly unconstitutional restraints that were used on him by RCSD deputies from CBDC while plaintiff was being treated at an outside hospital between January 15, 2018, and September 7, 2018, or September 17, 2018. (*See* ECF No. 1 at 3, 7, 18.) The Complaint contains numerous pages of factual allegations, and within his factual allegations, the latest date that plaintiff cites in connection with any of his claims is September 17, 2018. (*Id.* at 7, 18; *see also id.* at 32-33, 39-40.) Plaintiff alleges that he was discharged from the outside hospital on September 17, 2018 and that he was transported to the "Robert Presley Detention Center in Riverside." Two days later, plaintiff was moved

to the "Smith Correctional Facility in Banning, California." (*Id.* at 18.) Plaintiff does not allege that any individual at either of these other detention facilities caused plaintiff to suffer any constitutional deprivation.

Plaintiff necessarily was aware of the allegedly unconstitutional restraints at the time that they were applied at the outside hospital and prior to his discharge from the hospital on September 17, 2018. In addition, plaintiff alleges that he was taken from the CBDC to the outside hospital on August 16, 2018, and "a few days later" he was informed by medical staff at the hospital that he was suffering from severe health issues directly "stemming from" "a lack of medical attention … for extended periods of time." (*Id.* at 14-15.) Plaintiff's Complaint does not include any factual allegations for any allegedly unconstitutional medical attention provided by any medical professional at the CBDC after August 16, 2018, and plaintiff does not name any defendants at any other detention facility. Accordingly, plaintiff must have been aware of his claims for the allegedly unconstitutional medical care he received while he was detained at the CBDC no later than a few days after his admission to the outside hospital on August 16, 2018.

Any federal civil rights claims that plaintiff is raising in this action against the named defendants necessarily accrued no later than the day on which plaintiff was discharged from the outside hospital on September 17, 2018. Giving plaintiff the benefit of any doubt, plaintiff appears to have been continually incarcerated since the accrual of the federal civil rights claims that he is raising herein. His uninterrupted incarceration entitles plaintiff to a *maximum* of two years of statutory tolling. *See* Cal. Code Civ. Proc. § 352.1(a). Plaintiff signed his Complaint on January 9, 2023, the earliest possible filing date for this action. (ECF No. 1 at 6.) Taking into account plaintiff's likely entitlement to two years of statutory tolling, plaintiff's federal civil rights claims had to have been raised no more than four years after September 17, 2018, the date of his discharge from the outside hospital and transfer to a different detention facility, in order to be timely filed. Accordingly, absent other grounds for

tolling, the federal civil rights claims that plaintiff is raising in this action are time-barred by nearly four months.

In California, a plaintiff may be entitled to equitable tolling if the plaintiff shows that he or she provided timely notice to the defendants of the claims, no prejudice resulted to the defendants, and he or she acted reasonably and in good faith in filing the claims. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (*citing Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (setting forth California's requirements for equitable tolling)). In his Complaint, plaintiff does not allege any facts giving rise to a plausible inference that he was prevented from timely filing this action or that he acted reasonably and in good faith rather than simply allowing the statute of limitations on his claims to run. Under such circumstances, no inference is raised that plaintiff is entitled to equitable tolling of his claims under California law. *See, e.g., Ervin v. Cnty. of Los Angeles*, 848 F.2d 1018, 1019-20 (9th Cir. 1988) (finding a plaintiff was not entitled to equitable tolling because she had "failed to show that she acted reasonably and in good faith by delaying the filing of her federal civil rights action beyond the statutory limitations period").

Following careful review of the Complaint and giving plaintiff the benefit of any doubt, it appears to the Court that the present action must be dismissed without leave to amend because any federal civil rights claims that plaintiff is raising in this action are barred by the statute of limitations. A pleading may be dismissed on statute of limitations grounds if "the statute of limitations issues are apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Because all of the facts alleged in the Complaint occurred while plaintiff was being detained at the CBDC or being held in restraints by CBDC deputies while receiving medical treatment at an outside hospital, plaintiff names no defendants from any detention facility other than the CBDC, and plaintiff was released from the outside hospital and transferred to a different detention facility on September 17, 2018

(which was more than four years before the earliest date on which he could be considered to have filed this action), it is clear from the face of the Complaint that plaintiff's federal civil rights claims are time-barred.  Further, it appears clear that plaintiff will not be able to cure this basic deficiency in his claims through amendment.  *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

************

**Plaintiff therefore is ordered to show cause, no later than June 9, 2023, why this action should not be summarily dismissed as barred by the statute of limitations.  Plaintiff is advised that his failure to timely respond to this Order to Show Cause, or his failure to show why his action is not time-barred, will result in the Court recommending that the action be dismissed.**

Alternatively, if plaintiff wishes, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 5/11/2023

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE